T. L. HUNT, INC. OF TEXAS, A CORPORATION, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent T. L. Hunt, Inc. v. Commissioner
Docket Nos. 5136-75, 5137-75, 5138-75, 5139-75, 5140-75.
United States Tax Court
T.C. Memo 1976-221; 1976 Tax Ct. Memo LEXIS 182; 35 T.C.M. (CCH) 966; T.C.M. (RIA) 760221; July 14, 1976, Filed E. J. Ball, for the petitioners. J. Michael Adcock, for the respondent. WILES
MEMORANDUM OPINION WILES, Judge: Respondent determined deficiencies in petitioners' income taxes as follows: Petitioner
Fiscal Year Ending
Deficiency
T. L. Hunt, Inc.
of Texas
1-31-73
$1,331.00
1-31-74
4,333.00
Chester Patterson, Inc.
1-31-73
3,250.00
1-31-74
3,250.00
Hunt Dry Goods Co., Inc.
1-31-73
4,333.00
1-31-74
4,333.00
Hunt's Grand Plaza, Inc.
1-31-73
4,334.00
1-31-74
4,333.00
Hunt's of Phoenix Village,
Inc.
1-31-73
3,250.00
1-31-74
3,250.00
The deficiencies involved herein are based solely upon respondent's disallowance of a full $25,000 surtax exemption to each petitioner during each taxable year at issue, pursuant to sections 11(d) and 1561. [2] Respondent allowed each petitioner only a partial surtax exemption as follows: Number in
Surtax Petitioner
Controlled Group
Exemption
T. L. Hunt, Inc. of Texas
One-Third of One
Three
Surtax Exemption
Chester Patterson, Inc.
One-Half of One
Two
Surtax Exemption
Hunt Dry Goods Co., Inc.
One-Third of One
Three
Surtax Exemption
Hunt's Grand Plaza, Inc.
One-Third of One
Three
Surtax Exemption
Hunt's of Phoenix Village,
One-Half of One
Inc.
Two
Surtax Exemption
*184 The only issue is whether petitioners were component members of a controlled group, thereby making the provisions of section 1561 applicable. This case was fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure.
Petitioner Hunt Dry Goods Co., Inc. (hereinafter Hunt *185 Dry Goods) is an Arkansas corporation with its principal place of business in Fort Smith, Arkansas. Its corporate income tax returns for the taxable years ending January 31, 1973, and January 31, 1974, were filed with the Director, Internal Revenue Service Center, Austin, Texas. Hunt Dry Goods was incorporated on March 26, 1946, with 1,000 shares of $100.00 par value, common, voting shares authorized, of which 323 shares were issued and outstanding during the years in question. These shares were owned as follows: Percentage Name of Shareholder
Shares
of Ownership
T. L. Hunt
96.25
29.80%
Irene Hunt
70.75
21.90%
R. T. Hunt
45.00
13.93%
Linda Lee Cravens
27.95
8.65%
Byron C. Cravens
22.20
6.87%
Samuel L. Hauert
4.70
1.46%
Pamela Leigh Cravens
4.70
1.46%
Thomas Hunt Cravens
4.70
1.45%
David Hauert
4.70
1.46%
Steven Hauert
4.70
1.46%
First National Bank,
Trustee, T. L. Hunt and
Irene M. Hunt Trust,
dated 9-30-61 for Martha
Cravens
4.70
1.45%
First National Bank, Trustee,
T. L. Hunt and Irene M. Hunt
Trust, dated 9-30-61 for
Emily Hauert
4.70
1.46%
Sarah Jane Hauert
27.95
8.65%
323.00
100.00%
On November 17, 1972, the *186 First National Bank, Trustee of the T. L. Hunt and Irene M. Hunt Trust, dated September 30, 1961, transferred its 4.70 shares of Hunt Dry Goods stock to Steven Hauert, a beneficiary of the trust, who reached his 21st birthday on October 3, 1972. Under the Trust provisions, he was entitled to own these shares outright upon reaching his 21st birthday. Hunt Dry Goods was engaged in a retail business operation in Fort Smith, Arkansas. Its type of business is generally characterized as a "junior department store" dealing in soft goods only; furniture, appliances, hardware and similar goods are excluded. Petitioner Hunt's Grand Plaza, Inc. (hereinafter Hunt's Grand Plaza) is an Arkansas corporation with its principal place of business in Fort Smith, Arkansas. Its corporate income tax returns for the taxable years ending January 31, 1973, and January 31, 1974, were filed with the Director, Internal Revenue Service Center, Austin, Texas. Hunt's Grand Plaza, Inc. was incorporated on February 2, 1959, with 2,000 shares of $25 per value, common, voting shares authorized, of which 60 shares were issued and outstanding during the years in question. These shares were owned as follows: *187 Percentage Name of Shareholder
Shares
of Ownership
T. L. Hunt
16.2
27.00%
Irene Hunt
11.2
18.67%
R. H. Gregg
5.0
8.34%
R. T. Gregg
5.0
8.33%
Lucy G. Werntz
5.0
8.33%
Byron C. Cravens
8.8
14.67%
Linda L. Cravens
8.8
14.66%
TOTAL
60.0
100.00%
Hunt's Grand Plaza, Inc. was engaged in a retail business operation in Fort Smith, Arkansas. Its type of business is generally characterized as a "junior department store" dealing in soft goods only; furniture, appliances, hardware and similar goods are excluded. Petitioner T. L. Hunt, Inc. of Texas (hereinafter T. L. Hunt) is a Texas corporation with its principal place of business in Gainesville, Texas. Its corporate income tax returns for the taxable years ending January 31, 1973, and January 31, 1974, were filed with the Director, Internal Revenue Service Center, Austin, Texas. T. L. Hunt was incorporated on December 11, 1951, with 120 shares of $500 par value, common, voting stock authorized, of which 90 shares were issued and outstanding during the years in question. These shares were owned as follows: Percentage Name of Shareholder
Shares
of Ownership
T. L. Hunt
60
66.67%
Linda Lee Cravens
10
11.11%
Sara Jane Hauert
10
11.11%
R. Ware McMurtrey
10
11.11%
TOTAL
90
100.00%
*188 T. L. Hunt was engaged in a retail business operation in Gainesville, Texas. Its type of business is generally characterized as a "junior department store" dealing in soft goods only; furniture, appliances, hardware and similar goods are excluded. Respondent, in separate statutory notices, determined that Hunt Dry Goods, Hunt's Grand Plaza, and T. L. Hunt were component members of a controlled group of three brother-sister corporations. Petitioner Chester Patterson, Inc. (hereinafter Chester Patterson) is a Missouri corporation, with its principal place of business in Moberly, Missouri. Its corporate income tax returns for the taxable years ending January 31, 1973, and January 31, 1974, were filed with the Director, Internal Revenue Service Center, Kansas City, Missouri. Chester Patterson was incorporated on May 14, 1946, with 1,000 shares of no par, common, voting stock authorized, of which the entire 1,000 shares of stock were issued and outstanding during the years in question. These shares were owned as follows: Percentage Name of Shareholder
Shares
of Ownership
Hunt Dry Goods Company, Inc.
790
79.0%
Mae L. Patterson
210
21.0%
TOTAL
1,000
100.0%
*189 Chester Patterson was engaged in a retail business operation in Moberly, Missouri. Its type of business is generally characterized as a "junior department store" dealing in soft goods only; furniture, appliances, hardware, and similar goods are excluded. Although Chester Patterson had a furniture department at one time, this business activity was in the process of being phased out during the years in question. Hunt'sVillage Store, Inc. (hereinafter Hunt's Village Store) is an Arkansas corporation, incorporated on February 14, 1966, with 100,000 shares of $1 par value, common, voting stock authorized, of which 35,000 shares were issued and outstanding during the years in question. These shares were owned as follows: Percentage Name of Shareholder
Shares
of Ownership
Hunt Dry Goods Co., Inc.
10,000
28.572%
T. L. Hunt
10,000
28.572%
Phil L. Deal
5,000
14.285%
Byron C. Cravens
5,000
14.285%
Samuel L. Hauert
5,000
14.285%
TOTAL
35,000
[1] 99.999%
Hunt's Village Store was engaged in a retail business operation in a town near Fort Smith, Arkansas. Its type of business is *190 generally characterized as a "junior department store" dealing in soft goods only; furniture, appliances, hardware and similar goods are excluded. Respondent, in a statutory notice of deficiency, determined petitioner Chester Patterson to be a component member of a controlled group of two brother-sister corporations, including Chester Patterson and Hunt's Village Store. Petitioner Hunt's of Phoenix Village, Inc. (hereinafter Hunt's of Phoenix Village) is an Arkansas corporation, with its principal place of business in Fort Smith, Arkansas. Its corporate income tax returns for the taxable years ending January 31, 1973, and January 31, 1974, were filed with the Director, Internal Revenue Service Center, Austin, Texas. Hunt's of Phoenix Village was incorporated on May 25, 1965, with 10,000 shares of $1 par value, common, voting stock authorized, all of which was issued and outstanding during the years in question. These shares were owned as follows: Percentage Name of Shareholder
Shares
of Ownership
Hunt Dry Goods Co., Inc.
2,500
25.0%
Samuel L. Hauert
1,000
10.0%
Kenneth E. Taylor
1,000
10.0%
R. Ware McMurtrey and wife
1,000
10.0%
Clifford E. Higgins and
Nadine N. Higgins
2,000
20.0%
Byron C. Cravens
2,500
25.0%
TOTAL
10,000
100.0%
*191 Hunt's of Phoenix Village was engaged in a retail business operation in and near Fort Smith, Arkansas. Its type of business is generally characterized as a "junior department store" dealing in soft goods only; furniture, appliances, hardware and similar goods are excluded. Hunt's of Pocahontas, Inc. (hereinafter Hunt's of Pocahontas) is an Arkansas business corporation, incorporated on April 14, 1969, with 1,000 shares of $100 par value, common, voting stock authorized, of which 100 shares were issued and outstanding during the years in question. These shares were owned as follows: Percentage Name of Shareholder
Shares
of Ownership
Hunt Dry Goods Co., Inc.
25
25.0%
Byron C. Cravens
25
25.0%
C. E. Higgins
25
25.0%
Samuel Hauert
12.5
12.5%
Sara Jane Hauert
12.5
12.5%
TOTAL
100.0
100.0%
Hunt's of Pocahontas was engaged in a retail business operation in Pocahontas, Arkansas. Its type of business is generally characterized as a "junior department store" dealing in soft goods only; furniture, appliances, hardware and similar goods are excluded. Respondent, in a statutory notice of deficiency, determined Hunt's of Phoenix Village *192 to be a component member of a controlled group of two brother-sister corporations, including Hunt's of Phoenix Village and Hunt's of Pocahontas. The parties agree that the reference to the ownership of the various corporations means legal ownership and not as determined by the application of the attribution rules of section 1563. The shareholders of the various petitioners were related as follows: Name of Shareholder
Relationship to Other Shareholders
T. L. Hunt
Husband of Irene M. Hunt
Irene M. Hunt
Wife of T. L. Hunt
R. T. Hunt
Brother of T. L. Hunt
Linda Lee Cravens
Daughter of T. L. Hunt and Wife of
Byron C. Cravens
Byron C. Cravens
Husband of Linda Lee Cravens
Pamela Leigh Cravens
Daughter of Byron and Linda Cravens,
Granddaughter of T. L. Hunt
Thomas Hunt Cravens
Son of Byron and Linda Cravens
and Grandson of T. L. Hunt
First National Bank, Trustee
of T. L. Hunt and Irene M.
Hunt Trust, dated 9-30-61
Martha Cravens (minor) Daughter of
Byron and Linda Cravens,
Granddaughter of T. L. Hunt
Sara Jane Hauert
Daughter of T. L. Hunt and Wife of
Samuel L. Hauert
Samuel L. Hauert
Husband of Sara Jane Hauert
David Hauert
Son of Samuel and Sara Hauert,
Grandson of T. L. Hunt
Steven Hauert
Son of Samuel and Sara Hauert,
Grandson of T. L. Hunt
First National Bank, Trustee
of T. L. Hunt and Irene M.
Emily Hauert (minor) Daughter of
Hunt Trust, dated 9-30-61
Samuel and Sara Hauert,
Granddaughter of T. L. Hunt
R. H. Gregg
Nephew of T. L. Hunt
R. T. Gregg
Nephew of T. L. Hunt
Lucy Gregg Werntz
Niece of T. L. Hunt
R. Ware McMurtrey
No relation
Phil L. Deal
Brother-in-law of Byron C. Cravens
Mae L. Patterson [3]
No relation
Kenneth E. Taylor [4]
No relation
Darrell D. Warnock
No relation
C. E. Higgins and
Nadine N. Higgins
No relation
*193 None of the petitioners herein adopted or filed an apportionment plan under the provisions of section 1561. During the years in question, the officers of Hunt Dry Goods were Byron C. Cravens, president, and Linda Cravens, secretary-treasurer. During the years in question, the officers of Hunt's Grand Plaza were Byron C. Cravens, president, and R. H. Gregg, secretary-treasurer. During the years in question, the officers of T. L. Hunt were T. L. Hunt, president, and R. Ware McMurtrey, secretary-treasurer. During the years in question, the officers of Chester Patterson were T. L. Hunt, president, and Byron C. Cravens, secretary-treasurer. During the years in question, the officers of Hunt's Village Store were Byron C. Cravens, president, and Linda Cravens, secretary-treasurer. During the years in question, the officers of Hunt's of Phoenix Village were Bryon C. Cravens, president, *194 and C. E. Higgins, secretary-treasurer. During the years in question, the officers of Hunt's of Pocahontas were Byron C. Cravens, president, and C. E. Higgins, secretary-treasurer. With respect to petitioners Hunt Dry Goods, Hunt's Grand Plaza, and T. L. Hunt, respondent, by application of the attribution rules of section 1563, determined those petitioners to be members of a controlled group of brother-sister corporations as follows: PERCENTAGE OF STOCK OWNED
80% Test
50% Test
(Sec. 1563(a)(2)(A))
(Sec. 1563(a)(2)(B)
T. L. Hunt
Hunt Dry
Hunt's Grand
Inc. of
Goods, Inc.
Plaza
Texas
T. L. Hunt
51.70
45.67
66.67
45.67
Linda Cravens
15.52
29.33
11.11
11.11
Sara Hauert
10.11
0
11.11
0
R. T. Gregg
0
8.33
0
0
R. T. Hunt
13.93
0
0
0
TOTAL
91.26
83.33
88.89
56.78
With respect to petitioner Chester Patterson, respondent, by application of the attribution rules of section 1563, determined the petitioners to be a member of a controlled group of brother-sister corporations as follows: PERCENTAGE OF STOCK OWNED
80% Test
50% Test
(Sec. 1563(a)(2)(A))
(Sec. 1563(a)(2)(B))
Hunt's Village
Chester
Store, Inc.
Patterson, Inc.
T. L. Hunt
37.086
40.843
37.086
Byron Cravens
16.248
14.559
14.559
Samuel Hauert
14.702
7.985
7.985
Phil Deal
14.285
0
0
Mae Patterson
0
21.000.
0
TOTAL
82.321
84.387
59.630
*195 With respect to petitioner Hunt's of Phoenix Village, respondent, by application of the attribution rules of section 1563, determined the petitioners to be a member of a controlled group of brother-sister corporations as follows: PERCENTAGE OF STOCK OWNED
80% Test
50% Test
(Sec. 1563(a)(2)(A))
(Sec. 1563(a)(2)(B))
Hunt's of
Hunt's of
Phoenix Village
Pocahontas
T. L. Hunt
12.925
12.925
12.925
Byron Cravens
28.879
28.879
28.879
Samuel Hauert
12.527
27.527
12.527
C. E. Higgins
20.000
25.000
20.000
Kenneth Taylor
10.000
0
0
TOTAL
84.331
94.331
74.331
Respondent contends that the pattern of ownership of petitioners' stock brings petitioners within the definition of a brother-sister controlled group as set out in section 1563(a)(2) of the Code. Section 1563(a)(2) provides: (a) Controlled Group of Corporations.--For purposes of this part, the term "controlled group of corporations" means any group of-- * * *
(2) Brother-sister controlled group.--Two or more corporations if 5 or fewer persons who are individuals, estates, or trusts own (within the meaning of subsection (d)(2) stock possessing--[Emphasis *196 added.] (A) at least 80 percent of the total combined voting power of all classes of stock entitled to vote or at least 80 percent of the total value of shares of all classes of the stock of each corporation; and (B) more than 50 percent of the total combined voting power of all classes of stock entitled to vote or more than 50 percent of the total value of shares of all classes of stock of each corporation, taking into account the stock ownership of each such person only to the extent such stock ownership is identical with respect to each such corporation. In support of his contention, respondent relies upon section 1.1563-1(a)(3), Income Tax Regs., which defines a brother-sister controlled group as two or more corporations if, the same five or fewer persons * * * own * * * singly or in combination, stock possessing--[Emphasis added.] (a) At least 80 percent of the total combined voting power of all classes of stock entitled to vote or at least 80 percent of the total value of all shares of all classes of the stock of each corporation; and (b) More than 50 percent of the total combined voting power of all classes of stock entitled to vote or more than 50 percent *197 of the total value of shares of all classes of stock of each corporation, taking into account the stock ownership of each such person only to the extent such stock ownership is identical with respect to each such corporation. Petitioners contend that the 80 percent test contained in section 1563(a)(2)(A) has not been met, and this renders moot the isse as to whether the 50 percent test set forth in section 1563(a)(2)(B) is met. Petitioners insist that a person's stock ownership cannot be taken into account for the purpose of the 80 percent test unless that person owns stock in each corporation involved. Although petitioners agree that the ownership pattern in the instant cases falls within the definition set forth in respondent's regulation, they insist that the regulation constitutes a totally unwarranted extension of both the statutory language of section 1563(a)(2) and the underlying congressional intent. In Fairfax Auto Parts of No. Va., Inc.,65 T.C. 798, 803 (1976), on appeal (4th Cir. April 26, 1976), we held "that for a person's stock ownership to be taken into account for purposes of the 80 percent test that person must own stock in eachmember *198 of the brother-sister controlled group." [Emphasis added.] We further held that respondent's regulations were invalid to the extent they advanced a contrary interpretation. If we apply Fairfax in the present case, it is clear that the 80 percent test of section 1563(a)(2)(A) has not been met. The situation of petitioner Chester Patterson serves as an apt example. As already noted, respondent, by application of the attribution rules of section 1563, determined that Chester Patterson was a member of a controlled group as follows: PERCENTAGE OF STOCK OWNED
80% Test
50% Test
(Sec. 1563(a)(2)(A))
(Sec. 1563(a)(2)(B))
Hunt's Village
Chester
Store, Inc.
Patterson, Inc.
T. L. Hunt
37.086
40.843
37.086
Byron Cravens
16.248
14.559
14.559
Samuel Hauert
14.702
7.985
7.985
Phil Deal
14.285
0
0
Mae Patterson
0
21.000
0
82.321
84.387
59.630 The Fairfax rule requires that we delete the names of Phil Deal and Mae Patterson since they do not "own stock in each member of the brother-sister controlled group." The deletion of shareholders Phil Deal and Mae Patterson discloses the following results: PERCENTAGE OF STOCK OWNED
80% Test (Sec. 1563(a)(2)(A))
Hunt's Village
Chester Patterson,
Store, Inc.
Inc.
T. L. Hunt
37.086
40.843
Byron Cravens
16.248
14.559
Samuel Hauert
14.702
7.985
TOTAL
68.036
63.387
*199 Since the 80 percent test of section 1563(a)(2)(A) has to be met for two or more corporations and since this test has not been met, petitioners are not members of a controlled group, and therefore each is entitled to a full $25,000 surtax exemption. The application of the Fairfax rule to the other petitioners discloses the same results as in the example we have used. Respondent candidly admits on brief that if we continue to follow Fairfax, an opinion reviewed by the Court, petitioners will prevail. He asks, of course, that we re-examine our position and, in effect, overrule Fairfax. Although Fairfax was promulgated only a few months ago, we have carefully reviewed it. We remain impressed by its cogent reasoning. Accordingly, Decisions will be entered for the petitioners.
Footnotes
1. Cases of the following petitioners are consolidated herewith: Chester Patterson, Inc., A Corporation, docket No. 5137-75; Hunt Dry Goods Co., Inc., A Corporation, docket No. 5138-75; Hunt's Grand Plaza, Inc., A Corporation, docket No. 5139-75; and Hunt's of Phoenix Village, Inc., A Corporation, docket No. 5140-75.↩
2. Statutory references are to the Internal Revenue Code of 1954, as amended. SEC. 11(d). Surtax Exemption.--For purposes of this subtitle, the surtax exemption for any taxable year is $25,000, except that, with respect to a corporation to which section 1561 or 1564 (relating to surtax exemptions in case of certain controlled corporations) applies for the taxable year, the surtax exemption for the taxable year is the amount determined under such section. [Emphasis added.] SEC. 1561(a). General Rule.--If a corporation is a component member of a controlled group of corporations on a December 31, then for purposes of this subtitle the surtax exemption of such corporation for the taxable year which includes such December 31 shall be an amount equal to-- (1) $25,000 divided by the number of corporations which are component members of such group on such December 31, * * *↩
1. The stipulation of facts showed this figure as 100.00%↩
3. Mae L. Patterson is the general manager of Chester Patterson and has been general manager for more than 15 years. She owns 21 percent of the issued and outstanding stock of Chester Patterson. ↩
4. Kenneth Taylor is now and has been for many years the men's buyer for Hunt's Dry Goods.↩